USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-25-08

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
PHILLIP JEROME GARDNER,               :
                                      :
                    Petitioner,       :   07 Civ. 5653 (VM)
                                      :
           - against -                :   DECISION AND ORDER
                                      :
C.O. RIVERA, et al.,                  :
                                      :
                    Respondents.      :
----------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Pro se plaintiff Phillip Jerome Gardner ("Gardner") brought this action pursuant to 42 U.S.C. § 1983 ("§ 1983") alleging violations of his constitutional and statutory rights while he was incarcerated at the New York State (the "State") Sullivan Correctional Facility ("Sullivan"), where defendant James Walsh ("Walsh") served as Superintendent, and the other named defendants worked as correctional officers, (collectively "Defendants"). Gardner asserts that his constitutional rights under the First and Fourth Amendments of the United States Constitution were violated as a result of Defendants' improperly reading or otherwise interfering with his legal mail.

Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that (1) Gardner failed to exhaust all available administrative remedies; (2) the complaint does not state a claim upon which relief may be granted; and (3) Gardner's claims against Defendants in their official State capacities are barred by

the Eleventh Amendment of the United States Constitution. For the reasons discussed below, Defendants' motion to dismiss Gardner's complaint is GRANTED.

## I. DISCUSSION

A. STANDARD OF REVIEW

For purposes of ruling on a motion to dismiss against a pro se plaintiff, the Court accepts the version of the facts and their related inferences in the manner most favorable to the plaintiff. See Chambers v. Time Warner Inc., 282 F.3d 147, 152 (2d Cir. 2002) (citing Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001)).

To survive dismissal, Gardner "must assert a cognizable claim and allege facts that, if true, would support such a claim." Boddie v. Schneider, 105 F.3d 857, 860 (2d Cir. 1997). Pro se complainants are entitled to some latitude in meeting these requirements, as they are held "to less stringent standards than formal pleadings drafted by lawyers." Id. (quoting Hanes v. Kerner, 404 U.S. 519, 520 (1972)). However, even pro se plaintiffs cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

B. FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

The State's Department of Correctional Services ("DOCS")

-2-

maintains a three-tiered administrative review and appeals system for prisoner grievances. Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This administrative exhaustion requirement "[a]pplies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); see also Ortiz v. McBride, 380 F.3d 649, 656 (2d Cir. 2004).

A prisoner in the DOCS system must exhaust all three levels before bringing a § 1983 action in federal court. See Porter, 534 U.S. at 524. Under 7 NYCRR § 701.5, an inmate must first file a formal grievance or a written grievance, if forms are not available, with the Inmate Grievance Resolution Committee("IGRC"). Next, the inmate may appeal the IGRC's decision to the prison superintendent. See Hemphill v. New York, 380 F.3d 680, 682 (2d Cir. 2004); Clarke v. Thornton, 515 F. Supp. 2d 435, 439 (S.D.N.Y. 2007). The inmate may appeal the superintendent's written decision to the Central Office Review Committee ("CORC"). See 7 NYCRR § 701.6. Only

after the CORC has denied an appeal may the inmate bring the matter into federal court. See Hemphill, 380 F.3d at 682.

Gardner alleges that on or about September 13, 2006, he picked up a package at the Sullivan mailroom that had been sent to him by his attorneys in another matter, and that the package had been opened. On his way to his cell with the envelope, he was stopped by other corrections officers who asked to see the package and proceeded to read it. On the following day, during an interview about a grievance another officer allegedly had Gardner's legal mail with him. Gardner then filed several grievances about these incidents with Walsh, who received them but allegedly did not respond. Instead, Gardner received a letter from P. Griffin, the Deputy Superintendent for Security at Sullivan, responding to his grievances and indicating that there was no evidence that Gardner's legal mail had been knowingly opened and read. Gardner claims that he wrote to Walsh and Griffin asking for grievance numbers for the purpose of an appeal but that he received no response to repeated requests.

Defendants, supported by affidavit of Karen Bellamy ("Bellamy"), CORC's custodian of records, point out that there is no evidence in CORC's files that Gardner submitted to CORC a formal appeal of any grievance relating to his legal mail during the time in question. Gardner essentially admits that

-4-

he did not file an appeal with CORC, asserting that he did not do so because his various letters to Walsh and Griffin requesting a grievance number were not answered. This circumstance, however, does not relieve Gardner of the obligation to make diligent efforts to exhaust his administrative remedies by nonetheless addressing his complaint, including the alleged failure by Walsh and Griffin to respond, to CORC. See Clarke, 515 F. Supp. 2d at 439-42. Apparently, according to Bellamy's affidavit, Gardner is no stranger to CORC's procedures, as he has filed with CORC numerous other appeals of grievances, including some dated at around the same time as the events in the instant case. Accordingly, the Court concludes that Gardner has failed to demonstrate that he has exhausted his administrative remedies before filing this action, and thus his complaint must be dismissed.

C.  FAILURE TO STATE A CLAIM

The Court also agrees that Gardner's complaint warrants dismissal on the other grounds asserted by Defendants. His complaint contains no allegation supporting his claim of a constitutional deprivation by reason of Defendants' alleged opening and reading his legal mail. There is no indication in the pleadings that Defendants' action was deliberate and malicious, or that as a result of such interference Gardner

suffered actual injury by impeded access to a court or prejudice to an existing legal action that he was unable to prosecute or defend effectively because of Defendants' action. See Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) ((citing Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 1997) (citing Lewis v. Casey, 518 U.S. 343, 351 (1996)); Cancel v. Goord, No. 00 Civ. 2042, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2008). At most, Gardner points to two occasions on which his legal mail allegedly was opened or temporarily withheld from him. But there is insufficient allegation that these incidents suggested an ongoing practice of unwarranted censorship, or tampering that unjustifiably chilled his right of access to the courts or impaired legal representation he received. See Davis, 320 F.3d at 352 (finding that two instances of mail interference are insufficient to state a claim for relief absent factual allegations demonstrating an ongoing practice of justified censorship or actual prejudice to pending legal proceedings).

D.  ELEVENTH AMENDMENT

Finally, insofar as Gardner asserts claim for monetary damages against Defendants in their capacities as officials of the State, such claims are barred by the Eleventh Amendment if the State is the real party in interest. See Pritchett v. Artuz, No. 99 Civ. 3957, 2000 WL 4157, at *4-5 (S.D.N.Y. Jan.

3, 2000).

## ORDER

For the reasons state above, it is hereby

**ORDERED** that the motion (Docket No. 14) of defendants herein dismiss the complaint of plaintiff Phillip Jerome Gardner is GRANTED.

**SO ORDERED.**

Dated:   New York, New York
         25 February 2008

_____
VICTOR MARRERO
U.S.D.J.